UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GLORIA MEROLLA,

                                Plaintiff,

                -against-

COUNTY OF NASSAU; NASSAU COUNTY POLICE DEPARTMENT; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Gloria Merolla ("plaintiff" or "Ms. Merolla") is a resident of Nassau County in the State of New York.

8. Defendant County of Nassau ("County") was and still is a body corporate and politic, constituting a municipal corporation, duly organized under the laws of the State of New York. It operates the Nassau County Police Department ("Nassau Police"), a department or agency of defendant County responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant, the County, its departments, agents, servants and/or employees, owned, operated, maintained, managed, supervised, directed and/or controlled the police precincts and divisions of the Nassau Police, and the police officers assigned and/or stationed thereto, including but not limited to defendant officers.

10. At all times mentioned herein, defendant officers were acting under the direction, supervision, authority and/or control of the County and/or Nassau Police, or its/their agents, servants and/or employees.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the Nassau Police. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant County and the Nassau Police. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 11:30 p.m. on June 30, 2012, plaintiff called 911 from her home at 764 Lenore Lane in Elmont, New York, to complain of a party and noise coming from a home across the street from her.

15. Sometime after midnight on July 1, 2012, Ms. Merolla observed defendant officers arrive onto her street.

16. Defendants eventually came to plaintiff's home and she began to tell them about the noise and commotion across the street. Defendants responded, in sum, "we're not here about the noise."

17. For no known reason and without probable cause or reasonable suspicion to believe she had committed any crime or offense, defendants suddenly handcuffed Ms. Merolla as she stood outside of her home.

18. As Ms. Merolla stood handcuffed in front of her home, a defendant officer unlawfully entered her home without her permission.

19. Upon information and belief, defendants unlawfully searched Ms. Merolla's home, without her permission, including going into her bedroom and obtaining her identification, which was inside of her purse.

20. Plaintiff complained that the handcuffs were too tight and hurting her wrists, to which a defendant officer responded, in sum, "I know."

21. Once at the police car, a defendant officer forcefully pushed Ms. Merolla against the car and violently twisted her arm causing it to break.

22. Ms. Merolla cried, "you just broke my arm!"

23. Defendant ignored her and put her in the police vehicle, still handcuffed.

24. In excruciating pain, Ms. Merolla was taken to a police precinct.

25. At the precinct the officers falsely informed employees of the Nassau County District Attorney's Office that they had observed plaintiff engage in various

crimes including criminal mischief and resisting arrest.

26. At no time did defendants ever observe Ms. Merolla engage in criminal mischief or resist arrest.

27. At some point, defendants handcuffed plaintiff's right arm to a cell as her broken left arm lay lifeless.

28. Ms. Merolla was terrified and in such excruciating pain that she began to have an asthma attack.

29. Ms. Merolla felt dizzy. Afraid she was going to faint and hit her head on the ground, and with one arm still cuffed to the cell, Ms. Merolla squatted, crying in pain.

30. Plaintiff pleaded to go to the hospital but defendants refused to obtain medical assistance for her.

31. Eventually, medical assistance was obtained for Ms. Merolla and she was taken to Franklin General Hospital for treatment.

32. While at the hospital Ms. Merolla was handcuffed to a hospital bed.

33. Healthcare providers diagnosed Ms. Merolla with a broken arm and placed it in a temporary splint.

34. Plaintiff was eventually taken to Central Booking where she was arraigned and bail was imposed.

35. Ms. Merolla's son posted bail and she was released.

36. Following her release, Ms. Merolla required extensive treatment for her broken arm that was ultimately diagnosed as a left ulna shaft fracture.

37. The treatment for Ms. Merolla's arm has included, *inter alia*, application of casts, surgery and the insertion of hardware, physical therapy and medication for pain.

38. Ms. Merolla suffered nerve damage including numbness and tingling to her left arm.

39. Ms. Merolla's criminal charges are currently pending.

40. Ms. Merolla hired private counsel for the criminal prosecution and, to date, is still required to appear in criminal court to defend the charges levied against her.

41. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Office of the Nassau County Attorney.

42. An examination of Ms. Merolla, pursuant to New York General Municipal Law § 50-h, was held on September 25, 2013.

43. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

44. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

45. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
## Unlawful Stop and Search

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff and her home without reasonable suspicion.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
## False Arrest

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

54. Plaintiff was conscious of her confinement.

55. Plaintiff did not consent to her confinement.

56. Plaintiff's confinement was not otherwise privileged.

57. Defendant County, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

58. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

61. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

64. Defendant County, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

65. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. The individual defendants created false evidence against plaintiff.

68. The individual defendants forwarded false evidence to prosecutors in the Nassau County District Attorney's office.

69. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

70. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Malicious Abuse Of Process

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. The individual defendants issued legal process to place plaintiff under arrest.

73. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their violations of her civil rights.

74. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

75. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Hiring, Training and Retention

76. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

77. Defendant County, through the Nassau Police, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

78. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

79. Upon information and belief, defendant County knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

80. Upon information and belief, defendant County's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

81. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Intentional Infliction of Emotional Distress

82. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

83. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as Nassau Police officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

84. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as Nassau Police officers.

85. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant County, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior.*

86. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Negligent Infliction of Emotional Distress

87. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

88. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as Nassau Police officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

89. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as Nassau Police officers.

90. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant County, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

91. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
**Deliberate Indifference to Safety and Medical Needs**

92. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

93. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

94. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

95. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
**Failure To Intervene**

96. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

97. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

98. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

99. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   September 26, 2013
         New York, New York

                                  HARVIS WRIGHT
                                  SALEEM & FETT LLP

                                  _____
                                  Gabriel Harvis
                                  305 Broadway, 14th Floor
                                  New York, New York 10007
                                  (212) 323-6880
                                  gharvis@hwsflegal.com

                                  *Attorneys for plaintiff*