UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

GLORIA MEROLLA,

                              Plaintiff,

                    -against-

COUNTY OF NASSAU; NASSAU COUNTY
POLICE DEPARTMENT; Detective Sergeant JO-
ANN DISTLER; Police Officer GARY RENICK;
Detective Lieutenant RALPH T. HOFFMAN;
Lieutenant Detective DOMINICK CALOBRISI;
Sergeant LUKAS GUBBA; Police Officer
AVERILL THOMPSON; Ambulance Medical
Technician KEVIN KEYER; Police Officer
ROBERT MATALEVICH; JOHNNY MILLER;
Detective Sergeant GEORGE DARIENZO;
Inspector EDWARD DORDON; Detective
JEFFREY RIOS; Detective KENTON LOCKE;
Detective RHODERICK BARRETT; and JOHN
and JANE DOE 8 through 10, individually and in
their official capacities (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),

                              Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED
COMPLAINT**

13 CV 5360 (JFB) (GRB)

Jury Trial Demanded

## **NATURE OF THE ACTION**

1.      This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action.

## PARTIES

7.      Plaintiff Gloria Merolla ("plaintiff" or "Ms. Merolla") is a resident of Nassau County in the State of New York.

8.      Defendant Johnny Miller is a resident of Nassau County and Ms. Merolla's neighbor.

9.      Defendant County of Nassau ("County") was and still is a body corporate and politic, constituting a municipal corporation, duly organized under the laws of the State of New York.

10.     Defendant County operates the defendant Nassau County Police Department ("Nassau Police" or "NCPD"), a department or agency of defendant County responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11.     At all times relevant, the County, its departments, agents, servants and/or employees, owned, operated, maintained, managed, supervised, directed and/or controlled the police precincts and divisions of the Nassau Police, and the police officers assigned and/or stationed thereto, including but not limited to the defendant County Employees.

12.     Defendant Detective Sergeant Jo-Ann Distler ("Distler"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Distler is sued in her individual and official capacities.

13.     Defendant Police Officer Police Officer Gary Renick ("Renick"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Renick is sued in his individual and official capacities.

14.     Defendant Detective Lieutenant Ralph T. Hoffman ("Hoffman"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Hoffman is sued in his individual and official capacities.

15.     Defendant Lieutenant Detective Dominick Calobrisi ("Calobrisi"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Calobrisi is sued in his individual and official capacities.

16.     Defendant Sergeant Lukas Gubba ("Gubba"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Gubba is sued in his individual and official capacities.

17.     Defendant Police Officer Averill Thompson ("Thompson"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Thompson is sued in his individual and official capacities.

18.     Defendant Ambulance Medical Technician Kevin Keyer ("Keyer"), at all times relevant herein, upon information and belief, an employee and agent of the County.  Defendant Keyer is sued in his individual and official capacities.

19.     Defendant Police Officer Robert Matalevich ("Matalevich"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Matalevich is sued in his individual and official capacities.

20.     Defendant Detective Sergeant George Darienzo ("Darienzo"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Darienzo is sued in his individual and official capacities.

21.     Defendant Inspector Edward Dordon ("Dordon"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Dordon is sued in his individual and official capacities.

22.     Defendant Detective Jeffrey Rios ("Rios"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Rios is sued in his individual and official capacities.

23.     Defendant Detective Kenton Locke ("Locke"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Locke is sued in his individual and official capacities.

24.     Defendant Detective Rhoderick Barrett ("Barrett"), at all times relevant herein, was an officer, employee and agent of the NCPD.  Defendant Barrett is sued in his individual and official capacities.

25.     At all times mentioned herein, defendants were acting under the direction, supervision, authority and/or control of the County and/or Nassau Police, or its/their agents, servants and/or employees.

26.     At all times relevant defendants John and Jane Doe 8 through 10 were police officers, detectives or supervisors employed by the Nassau Police.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 8 through 10.

27.     At all times relevant herein, defendants John and Jane Doe 8 through 10 were acting as agents, servants and employees of defendant County and the Nassau Police.  Defendants John and Jane Doe 8 through 10 are sued in their individual and official capacities.

28.     At all times relevant herein, all individual defendants, except defendant Miller, were acting under color of state law.

## STATEMENT OF FACTS

29.     Plaintiff and defendant Miller live on adjacent parcels of land on Lenore Lane in the Town of Elmont in Nassau County, New York.

30.     In the spring of 2012, plaintiff and Miller were engaged in ongoing disputes regarding their properties and the alleged transgressions of each.

31.     As a result of their disputes, and his animus toward her, Mr. Miller was determined to have plaintiff arrested.

32.     In an act of provocation, Mr. Miller intentionally planted trees on Ms. Merolla's property.

33.     Under New York State Law, the trees Mr. Miller planted on Ms. Merolla's property belonged to Ms. Merolla.

34.     On or about June 12, 2012, Mr. Miller complained to the NCPD that Ms. Merolla had damaged trees on *his* property.

35.     In fact – as Miller knew – the trees at issue were on Ms. Merolla's

property and, *ipso facto*, belonged to Ms. Merolla.

36.     Officers of the NCPD were acquainted with Ms. Merolla from complaints she had made over the years about the County's agencies and its officials and, like Miller, disliked her.

37.     Together, NCPD officers and Miller met and conspired to have Ms. Merolla arrested in the absence of even arguable probable cause.

38.     The most cursory investigation of Mr. Miller's allegations would have revealed that they were spurious and fabricated.

39.     Ms. Merolla was never informed of Miller's complaint or notified that the NCPD was investigating allegations that she had committed a crime.

40.     Upon information and belief, NCPD officers conducted no investigation whatsoever regarding Miller's allegation.

41.     Upon information and belief, NCPD and Miller intentionally concealed the existence of Miller's complaint from Ms. Merolla so that they could arrest her at will.

42.     On June 30, 2012, Ms. Merolla was one of several area residents who called 911 between 11:00 p.m. and midnight to report a loud, crowded party across her street.

43.     Several of the defendant officers were dispatched to respond to the noise complaints.

44.     Before the officers arrived on the scene, it was determined that the officers would ignore Ms. Merolla's noise complaints and, instead, falsely arrest her.

45.     Defendants eventually came to plaintiff's home and she mistakenly believed they were there to help her.

46.     Standing on her lawn and with the loud party across the street making conversation difficult, Ms. Merolla asked the officers, in sum and substance, to please stop the party.

47.     In response, over the din of the party, an officer responded, in sum, "we're not here about the noise."

48.     Unable to hear the officer and realizing that the officers appeared unwilling to assist her, Ms. Merolla re-entered her home.

49.     Without a search or arrest warrant, and lacking any exigency, the officers stormed into Ms. Merolla's home and ordered her to submit to arrest, falsely claiming to have a warrant.

50.     Afraid, Ms. Merolla complied and was handcuffed without incident.

51.     Officers Renick and Thompson, large men, forcefully grabbed the handcuffed arms of Ms. Merolla, a woman of slight stature dressed in short pajamas and slippers.

52.     The officers pulled Ms. Merolla from her home to the rear of a police car down the block.

53.     Mr. Miller stood by the police car waiting as Ms. Merolla was brought over to the vehicle in handcuffs.

54.     Defendants thrust Ms. Merolla against the side of the trunk as her neighbors looked on.

55.     While she was pinned against the vehicle, an officer violently and deliberately twisted Ms. Merolla's arm, cracking the distal shaft of her left ulna with the handcuff around her wrist.

56.     As Ms. Merolla screamed out in agony, defendant Miller opened the door to the police vehicle allowing Ms. Merolla to be forced into the backseat by an officer.

57.     Ms. Merolla, her broken arm handcuffed behind her, was then driven to a police precinct.

58.     At the precinct, after repeated requests, an ambulance was ultimately called and defendant Keyer arrived.

59.     Despite Ms. Merolla's obvious injury and the extreme pain she was describing, and at the behest of defendant officers, Keyer delayed Ms. Merolla's transport to Franklin Hospital by over an hour.

60.     The hospital is approximately four minutes from the precinct.

61.     In an effort to prevent Ms. Merolla from accurately reporting the incident to medical staff and to further terrorize her, defendants Renick and

Thompson accompanied defendant Keyer when Ms. Merolla was ultimately taken to the hospital.

62.    At the hospital, Ms. Merolla immediately reported that her arm had been broken by a police officer.

63.    Following a cursory examination, officers took Ms. Merolla from the hospital and had her booked on charges of criminal mischief (N.Y.P.L. § 145.05, an E Felony, punishable by up to four years in prison) and resisting arrest (N.Y.P.L. § 205.30, a misdemeanor).

64.    There was no credible evidence to support any charge against Ms. Merolla, let alone serious felony charges.

65.    Shortly after her release from custody, Ms. Merolla filed a complaint with the NCPD Internal Affairs Unit ("IAU").

66.    The IAU defendants – including Distler, Hoffman, Calobrisi and Darienzo – purported to conduct an independent investigation that was, in reality, a coordinated campaign to discredit Ms. Merolla and exonerate the officers.

67.    During their bogus investigation, the IAU defendants, *inter alia*, deprived Ms. Merolla of her civil rights, including her right to due process under the Fifth and Fourteenth Amendments, violated the Health Insurance Portability and Accountability Act to procure her medical records and speak to her doctors, and fabricated evidence, including evidence forwarded to Nassau County prosecutors.

-10-

68. The failures in this IAU investigation are not unique.

69. The NCPD, through its policies, including policies promulgated, upon information and belief, by defendant Dordon, along with the customs and practices of subordinate employees, including the IAU defendants, directly caused these constitutional deprivations.

70. By failing to conduct legitimate investigations of civilian complaints against its police department, and routinely exonerating officers involved in serious misconduct, the County has encouraged and maintained a culture among its police officers of willful disregard for the constitutional rights of its citizens.

71. The officers who participated in falsely arresting and assaulting Ms. Merolla felt comfortable doing so because they knew that their conduct would go unpunished.

72. The prosecution against Ms. Merolla lasted several years.

73. Defendant Miller and the police officers were actively involved in the prosecution.

74. Ms. Merolla was forced to retain private counsel to defend the criminal charges.

75. All criminal charges against Ms. Merolla were eventually dismissed and sealed.

76. The physical injuries caused to Ms. Merolla as a result of the foregoing

are permanent and life altering.

77.     Ms. Merolla was forced to undergo surgeries for the insertion and eventual removal of metal hardware from the site of the fracture in her arm and has ongoing nerve damage and other injuries, including Keinbock's Disease, also known as avascular necrosis of the lunate.

78.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Office of the Nassau County Attorney.

79.     An examination of Ms. Merolla, pursuant to New York General Municipal Law § 50-h, was held on September 25, 2013.

80.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

81.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

82.     Ms. Merolla suffered damage as a result of defendants' actions.  Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, lost income, loss of employment, loss of consortium, attorneys' fees, other out of pocket costs, and damage to her reputation.

## FIRST CLAIM
### Unlawful Entry, Stop and Search

83.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

84.     Defendants violated the Fourth and Fourteenth Amendments because they entered Ms. Merolla's home and stopped and searched her and her home without legal justification.

85.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

86.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

87.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

88.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

89.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

90.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

91.     Plaintiff was conscious of her confinement.

92.     Plaintiff did not consent to her confinement.

93.     Plaintiff's confinement was not otherwise privileged.

94.     Defendant County, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

95.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

**FIFTH CLAIM**
**Malicious Prosecution**

96.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

97.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

98.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of her constitutional rights.   The

-14-

prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

99.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

<u>**SIXTH CLAIM**</u>
**State Law Malicious Prosecution**

100.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

101.    By his conduct, as described herein, defendant Miller is liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

102.    Miller maliciously commenced criminal proceeding against plaintiff, charging her with criminal mischief.   Miller falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

103.    The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

104.    All charges were terminated in plaintiff's favor.

105.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
### Unreasonable Force

106.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

107.   The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

108.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### State Law Assault and Battery

109.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

110.   By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

111.   Defendant County, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

112.   As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## NINTH CLAIM
### Denial Of Constitutional Right To Fair Trial

113.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

114.   The individual defendants created false evidence against plaintiff.

115.   The individual defendants forwarded false evidence to prosecutors in the Nassau County District Attorney's office.

116.   In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

117.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Malicious Abuse Of Process

118.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

119.   The individual defendants issued legal process to place plaintiff under arrest.

120.   The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their violations of her civil rights.

121.   The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

122.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Negligent Hiring, Training and Retention

123.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

124.   Defendant County, through the NCPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

125.   Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

126.   Upon information and belief, defendant County knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

127.  Upon information and belief, defendant County's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

128.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
### Intentional Infliction of Emotional Distress

129.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

130.  By reason of the foregoing, the defendants, acting individually and, with the exception of Miller, in their capacities as Nassau County employees, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

131.  The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as Nassau County Police officers.

132.  Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff.

Defendant County, as employer of each of the defendants, except Miller, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

133.   As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

### THIRTEENTH CLAIM
### Negligent Infliction of Emotional Distress

134.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

135.   By reason of the foregoing, the defendants, acting individual and, except Miller, in their capacities as Nassau Police officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

136.   The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as Nassau Police officers.

137.   Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant County, as employer of each of the defendants, except Miller, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

138.   As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## FOURTEENTH CLAIM
### Deliberate Indifference

139.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

140.   The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act, in deliberate indifference to plaintiff's needs.

141.   Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

142.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTEENTH CLAIM
### Conspiracy

143.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

144.   Miller and NCPD officers agreed to violate provisions of the state and federal constitution and arrest and prosecute Ms. Merolla in the absence of probable cause.

145.    Accordingly, defendants violated the Fourth and Fourteenth Amendment because they conspired to deprive Ms. Merolla of her rights.

146.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTEENTH CLAIM
### Deprivation of Due Process

147.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

148.    By reason of the foregoing, the defendant County and the defendant County employees deprived Ms. Merolla of her right to due process under the Fifth and Fourteenth Amendments of the United State Constitution.

149.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTEENTH CLAIM
### Municipal and Supervisory Liability; *Monell*

150.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

151.    The defendant County's policies, practices and/or customs, as described herein, were a driving force behind Ms. Merolla's injuries.

152.   The County is liable for the decisions of its final policymakers to create, promulgate and perpetuate these policies, practices and/or customs.

153.   The County is also liable for its deliberate indifference to the consequences of the policies, practices and/or customs, and for failing to train, supervise and/or discipline those employees responsible for creating, promulgating and perpetuating this policies, practices and/or customs.

154.   The County is liable for the acts and omissions of its supervisory employees and for their failure to supervise their subordinates.

155.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTEENTH CLAIM
### Failure To Intervene

156.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

157.   Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

158.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

159.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:        October 29, 2014
              New York, New York


HARVIS WRIGHT & FETT LLP


_____
Gabriel Harvis
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiff*

-24-