UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GLORIA MEROLLA,

**ANSWER AND COUNTERCLAIMS**

Plaintiff,

-against-

13 CV 5360 (JFB) (GRB)

COUNTY OF NASSAU; NASSAU COUNTY POLICE
DEPARTMENT; Detective Sargeant JO-ANN DISTLER; Police
Officer GARY RENICK; Detective Lieutenant RALPH T.
HOFFMAN; Lieutenant Detective DOMINICK CALOBRISI;
Sergeant LUKAS GUBBA; Police Officer AVERILL
THOMPSON; Ambulance Medical Technician KEVIN KEYER;
Police Officer ROBERT MATALEVICH; JOHNNY MILLER;
Detective Sargeant GEORGE D'ARIENZO; Inspector EDWARD
DORDON; Detective JEFFREY RIOS; Detective KENTON
LOCKE; Detective RHODERICK BARRETT; and JOHN and
JANE DOE 8 through 10, individually and in their official
capacities (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

Defendants

---

## DEFENDANT JOHN MILLER'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant John Miller ("Mr. Miller"), by and through counsel, submits the following as

his Answer to Plaintiff's Complaint:

### NATURE OF THE ACTION

1.     Mr. Miller admits that this is an action to recover money damages out of an

alleged violation of Plaintiff's rights under the Constitution, but denies that Plaintiff has stated a

claim thereunder.

### JURISDICTION AND VENUE

2.     Mr. Miller admits that this Court has jurisdiction over cases filed uner 42 U.S.C.

§§ 1983, 1985, and 1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the

Constitution of the United States, but denies that Plaintiff has stated a claim thereunder.

3.      Mr. Miller admits that Plaintiff seeks to invoke this Court's jurisdiction pursuant

to 28 U.S.C. §§ 1331, 1343, and 1367(a), but denies that Plaintiff has stated a claim upon which

relief may be granted and therefore, deny that this Court has jurisdiction.

4.      Mr. Miller admits that venue is proper in this district pursuant to 28 U.S.C. §§

1391 (b) and (c), but denies that acts or omissions have been committed that would provide a

basis for venue.

5.      Mr. Miller admits that Plaintiff seeks to invoke this Court's supplemental

jurisdiction over New York State claims pursuant to 28 U.S.C. § 1367, but denies that Plaintiff

has stated any claims upon which relief may be granted, and therefore denies that this Court has

supplemental jurisdiction.

## JURY DEMAND

6.      In response to paragraph 6, Mr. Miller also requests a jury trial.

## PARTIES

7.      Mr. Miller admits that Plaintiff is a resident of Nassau County in the State of New

York.

8.      Mr. Miller admits that he is a resident of Nassau County and Plaintiff's neighbor.

9.      Mr. Miller makes no response to paragraph 9 because it is directed to other

defendants and not to him.

10.     Mr. Miller makes no response to paragraph 10 because it is directed to other

defendants and not to him.

11.     Mr. Miller makes no response to paragraph 11 because it is directed to other defendants and not to him.

12.     Mr. Miller makes no response to paragraph 12 because it is directed to other defendants and not to him.

13.     Mr. Miller makes no response to paragraph 13 because it is directed to other defendants and not to him.

14.     Mr. Miller makes no response to paragraph 14 because it is directed to other defendants and not to him.

15.     Mr. Miller makes no response to paragraph 15 because it is directed to other defendants and not to him

16.     Mr. Miller makes no response to paragraph 16 because it is directed to other defendants and not to him.

17.     Mr. Miller makes no response to paragraph 17 because it is directed to other defendants and not to him.

18.     Mr. Miller makes no response to paragraph 18 because it is directed to other defendants and not to him.

19.     Mr. Miller makes no response to paragraph 19 because it is directed to other defendants and not to him.

20.     Mr. Miller makes no response to paragraph 20 because it is directed to other defendants and not to him.

21.     Mr. Miller makes no response to paragraph 21 because it is directed to other defendants and not to him.

22.     Mr. Miller makes no response to paragraph 22 because it is directed to other defendants and not to him.

23.     Mr. Miller makes no response to paragraph 23 because it is directed to other defendants and not to him.

24.     Mr. Miller makes no response to paragraph 24 because it is directed to other defendants and not to him.

25.     Mr. Miller denies the allegations in paragraph 25, with respect to himself and his conduct at all times.

26.     Mr. Miller makes no response to paragraph 26 because it is directed to other defendants and not to him.

27.     Mr. Miller makes no response to paragraph 27 because it is directed to other defendants and not to him.

28.     Mr. Miller makes no response to paragraph 28 because it is directed to other defendants and not to him.

## FACTS

29.     Mr. Miller admits that Plaintiff lives on property adjacent to his property on Lenore Lane in the Town of Elmont in Nassau County, New York.

30.     Mr. Miller admits that he was involved in an ongoing dispute with Plaintiff with respect to their properties.

31.     Mr. Miller denies each and every allegation in paragraph 31.

32.     Mr. Miller admits that he intentionally planted trees, but said trees were planted on his own property, and therefore denies the remaining allegations in paragraph 32.

4

33.     The allegations in paragraph 33 assume factual and legal conclusions, and therefore, Mr. Miller denies each and every allegation in said paragraph.

34.     Mr. Miller admits the allegations in paragraph 34.

35.     Mr. Miller denies each and every allegation in paragraph 35.

36.     Mr. Miller makes no response to paragraph 36 because it is directed to other defendants and not to him.

37.     Mr. Miller denies each and every allegation in paragraph 37.

38.     The allegations in paragraph 38 assume factual and legal conclusions, and therefore, Mr. Miller denies each and every allegation in said paragraph.

39.     Mr. Miller would never be privy to whether or not Plaintiff was informed of his complaints as mentioned in paragraph 39, and as such, denies knowledge or information sufficient to form a belief as to the allegations.

40.     Mr. Miller makes no response to paragraph 40 because it is directed to other defendants and not to him.

41.     Mr. Miller makes no response to paragraph 41 because it is directed to other defendants and not to him.

42.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 42.

43.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 43.

44.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 44.

45.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 45.

46.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 46.

47.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 47.

48.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 48.

49.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 49.

50.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 50.

51.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 51.

52.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 52.

53.     Mr. Miller admits that he was one of several witnesses to the arrest of Plaintiff, and that he stood by the police car as Plaintiff's arrest was effectuated.

54.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 54.

55.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 55.

56.     Mr. Miller denies any involvement in Plaintiff's arrest, and as such, denies each and every allegation in paragraph 56.

57.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 57.

58.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 58.

59.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 59.

60.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 60.

61.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 61.

62.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 62.

63.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 63.

64.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 64.

65.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 65.

66.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 66.

67.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 67.

68.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 68.

69.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 69.

70.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 70.

71.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 71.

72.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 72.

73.     Mr. Miller admits that he was called as a witness in the prosecution of Plaintiff, but denies any other involvement in the prosecution of Plaintiff.

74.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 74.

75.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 75.

76.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 76.

77.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 77.

78.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 78.

79.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 79.

80.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 80.

81.     Mr. Miller denies knowledge or information sufficient to form a belief as to the allegations in paragraph 81.

82.     Answering paragraph 82, Mr. Miller denies that any actions on his part caused or led to any damages suffered, if at all, by Plaintiff.

## ANSWER TO FIRST CLAIM
### Unlawful Entry, Stop and Search

83.     Mr. Miller incorporates his answers to paragraphs 1 through 82 here and for his answer to paragraph 83.

84.     Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 84 and therefore, each and every allegation contained in paragraph 84 is denied.

85.     Answering paragraph 85, Mr. Miller denies that any actions on his part caused or led to any damages suffered, if at all, by Plaintiff.

## ANSWER TO SECOND CLAIM
### False Arrest

86.     Mr. Miller incorporates his answers to paragraphs 1 through 85 here and for his answer to paragraph 86.

87.     Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 87 and therefore, each and every allegation contained in paragraph 84 is denied.

88.     Answering paragraph 88, Mr. Miller denies that any actions on his part caused or led to any damages suffered, if at all, by Plaintiff.

### THIRD CLAIM
### State Law False Imprisonment and False Arrest

89.     Mr. Miller incorporates his answers to paragraphs 1 through 88 here and for his answer to paragraph 89.

90.     Mr. Miller denies any involvement in the arrest of Plaintiff, did not have any color of authority to arrest, and as such, denies that he is liable to Plaintiff for falsely imprisoning and falsely arresting Plaintiff.

91.     Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 91 and therefore, each and every allegation contained in paragraph 91 is denied.

92.     Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 92 and therefore, each and every allegation contained in paragraph 92 is denied.

93.     Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 93 and therefore, each and every allegation contained in paragraph 93 is denied.

94.     Mr. Miller makes no response to paragraph 94 because it is directed to other

defendants and not to him.

94. Answering paragraph 95, Mr. Miller denies that any actions on his part caused or led to any damages suffered, if at all, by Plaintiff.

## FIFTH CLAIM (FOURTH CLAIM OMITTED)
### Malicious Prosecution

96. Mr. Miller incorporates his answers to paragraphs 1 through 95 here and for his answer to paragraph 96.

97. Mr. Miller denies any involvement in the decision to prosecute Plaintiff, and could not possibly act under color of state law or any other authority, and therefore denies the allegations in paragraph 97.

98. Mr. Miller denies involvement in the decision to prosecute Plaintiff, and is without sufficient knowledge to form a belief as to the truth of the remaining allegations in paragraph 98 and therefore, each and every allegation contained in paragraph 98 is denied.

99. Answering paragraph 99, Mr. Miller denies that any actions on his part caused or led to any damages suffered, if at all, by Plaintiff.

## SIXTH CLAIM
### State Law Malicious Prosecution

100. Mr. Miller incorporates his answers to paragraphs 1 through 99 here and for his answer to paragraph 100.

101. Mr. Miller denies each and every allegation in paragraph 101.

102. Mr. Miller denies each and every allegation in paragraph 102.

103. Mr. Miller denies each and every allegation in paragraph 103.

104.    Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 104 and therefore, each and every allegation contained in paragraph 104 is denied.

105.    Answering paragraph 105, Mr. Miller denies that any misconduct alleged on his part caused or led to any damages suffered, if at all, by Plaintiff.

## SEVENTH CLAIM
### Unreasonable Force

106.    Mr. Miller incorporates his answers to paragraphs 1 through 105 here and for his answer to paragraph 106.

107.    Mr. Miller denies any involvement in the decision to arrest, the arrest itself, or the manner in which Plaintiff was arrested, and therefore denies the allegations in paragraph 107.

108.    Answering paragraph 108, Mr. Miller denies that any misconduct alleged on his part caused or led to any damages suffered, if at all, by Plaintiff.

## EIGHTH CLAIM
### State Law Assault and Battery

109.    Mr. Miller incorporates his answers to paragraphs 1 through 108 here and for his answer to paragraph 109.

110.    Mr. Miller denies any involvement in the decision to arrest, the arrest itself, or the manner in which Plaintiff was arrested, and therefore denies the allegations in paragraph 110.

111.    Mr. Miller makes no response to paragraph 111 because it is directed to other defendants and not to him.

112.    Answering paragraph 112, Mr. Miller denies that any misconduct alleged on his part caused or led to any damages suffered, if at all, by Plaintiff.

## NINTH CLAIM
**Denial of Constitutional Right to Fair Trial**

113.    Mr. Miller incorporates his answers to paragraphs 1 through 112 here and for his answer to paragraph 113.

114.    Mr. Miller denies that he created false evidence against Plaintiff.

115.    Mr. Miller denies that he forwarded false evidence to prosecutors in the Nassau County District Attorney's office.

116.    Mr. Miller denies each and every allegation in paragraph 116.

117.    Answering paragraph 117, Mr. Miller denies that any misconduct alleged on his part caused or led to any damages suffered, if at all, by Plaintiff.

## TENTH CLAIM
**Malicious Abuse of Process**

118.    Mr. Miller incorporates his answers to paragraphs 1 through 117 here and for his answer to paragraph 118.

119.    Mr. Miller denies any involvement in the decision to arrest, the arrest itself, or the manner in which Plaintiff was arrested, and therefore denies the allegations in paragraph 119.

120.    Mr. Miller denies each and every allegation in paragraph 120.

121.    Mr. Miller denies each and every allegation in paragraph 121 with respect to himself and his own conduct.

122.    Answering paragraph 122, Mr. Miller denies that any misconduct alleged on his part caused or led to any damages suffered, if at all, by Plaintiff.

## ELEVENTH CLAIM
**Negligent Hiring, Training, and Retention**

123.    Mr. Miller incorporates his answers to paragraphs 1 through 122 here and for his answer to paragraph 123.

124.    Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 124 and therefore, each and every allegation contained in paragraph 124 is denied.

125.    Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 125 and therefore, each and every allegation contained in paragraph 125 is denied.

126.    Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 126 and therefore, each and every allegation contained in paragraph 126 is denied.

127.    Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 127 and therefore, each and every allegation contained in paragraph 127 is denied.

128.    Answering paragraph 128, Mr. Miller denies that any misconduct alleged on his part caused or led to any damages suffered, if at all, by Plaintiff.

### TWELFTH CLAIM
### Intentional Infliction of Emotional Distress

129.    Mr. Miller incorporates his answers to paragraphs 1 through 128 here and for his answer to paragraph 129.

130.    Mr. Miller denies each and every allegation in paragraph 131 with respect to himself and his own conduct, and is without sufficient knowledge to form a belief as to the truth

of the allegations with respect to the remaining defendants, and therefore denies each and every allegation contained.

131.    Mr. Miller makes no response to paragraph 131 because it is directed to other defendants and not to him.

132.    Mr. Miller denies each and every allegation in paragraph 132 with respect to himself and his own conduct, and is without sufficient knowledge to form a belief as to the truth of the allegations with respect to the remaining defendants, and therefore denies each and every allegation.

133.    Answering paragraph 133, Mr. Miller denies that any misconduct alleged on his part caused or led to any damages suffered, if at all, by Plaintiff.

### THIRTEENTH CLAIM
### Negligent Infliction of Emotional Distress

134.    Mr. Miller incorporates his answers to paragraphs 1 through 133 here and for his answer to paragraph 134.

135.    Mr. Miller denies each and every allegation in paragraph 135 with respect to himself and his own conduct, and is without sufficient knowledge to form a belief as to the truth of the allegations with respect to the remaining defendants, and therefore denies each and every allegation contained.

136.    Mr. Miller denies each and every allegation in paragraph 136 with respect to himself and his own conduct, and is without sufficient knowledge to form a belief as to the truth of the allegations with respect to the remaining defendants, and therefore denies each and every allegation contained.

137.    Mr. Miller denies each and every allegation in paragraph 137 with respect to himself and his own conduct, and is without sufficient knowledge to form a belief as to the truth of the allegations with respect to the remaining defendants, and therefore denies each and every allegation contained.

138.    Answering paragraph 138, Mr. Miller denies that any misconduct alleged on his part caused or led to any damages suffered, if at all, by Plaintiff.

## FOURTEENTH CLAIM
### Deliberate Indifference

139.    Mr. Miller incorporates his answers to paragraphs 1 through 138 here and for his answer to paragraph 139.

140.    Mr. Miller denies each and every allegation in paragraph 140 with respect to himself and his own conduct, and is without sufficient knowledge to form a belief as to the truth of the allegations with respect to the remaining defendants, and therefore denies each and every allegation contained therein.

141.    Mr. Miller denies each and every allegation in paragraph 141 with respect to himself and his own conduct, and is without sufficient knowledge to form a belief as to the truth of the allegations with respect to the remaining defendants, and therefore denies each and every allegation contained therein.

142.    Answering paragraph 142, Mr. Miller denies that any misconduct alleged on his part caused or led to any damages suffered, if at all, by Plaintiff.

## FIFTEENTH CLAIM
### Conspiracy

143.    Mr. Miller incorporates his answers to paragraphs 1 through 142 here and for his

answer to paragraph 143.

144.    Mr. Miller denies he had an agreement with NCPD officers of any nature, let alone one to arrest and prosecute Plaintiff in the absence of probable cause.

145.    Mr. Miller denies that any conspiracy existed, and therefore denies each and every allegation in paragraph 145.

146.    Answering paragraph 146, Mr. Miller denies that any misconduct alleged on his part caused or led to any damages suffered, if at all, by Plaintiff.

## SIXTEENTH CLAIM
### Deprivation of Due Process

147.    Mr. Miller incorporates his answers to paragraphs 1 through 146 here and for his answer to paragraph 147.

148.    Mr. Miller denies each and every allegation in paragraph 148 with respect to himself and his own conduct, and is without sufficient knowledge to form a belief as to the truth of the allegations with respect to the remaining defendants, and therefore denies each and every allegation contained therein.

149.    Answering paragraph 149, Mr. Miller denies that any misconduct alleged on his part caused or led to any damages suffered, if at all, by Plaintiff.

## SEVENTEENTH CLAIM
### Municipal and Supervisory Liability; *Monell*

150.    Mr. Miller incorporates his answers to paragraphs 1 through 149 here and for his answer to paragraph 150.

151.    Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 151 and therefore, each and every allegation contained therein is denied.

152.    Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 152 and therefore, each and every allegation contained therein is denied.

153.    Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 153 and therefore, each and every allegation contained therein is denied.

154.    Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 154 and therefore, each and every allegation contained therein is denied.

155.    Answering paragraph 155, Mr. Miller denies that any misconduct alleged on his part caused or led to any damages suffered, if at all, by Plaintiff.

## EIGHTEENTH CLAIM
### Failure to Intervene

156.    Mr. Miller incorporates his answers to paragraphs 1 through 155 here and for his answer to paragraph 156.

157.    Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 157 and therefore, each and every allegation contained therein is denied.

158.    Mr. Miller is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 158 and therefore, each and every allegation contained therein is denied.

159.    Answering paragraph 155, Mr. Miller denies that any misconduct alleged on his part caused or led to any damages suffered, if at all, by Plaintiff.

### PRAYER FOR RELIEF

160.    Mr. Miller denies that Plaintiff is entitled to any relief under her Complaint, and denies each and every other allegation contained in Plaintiff's Complaint not specifically admitted or addressed in this answer.

161.    By way of further answer and affirmative defenses, Mr. Miller states as follows:

## FIRST AFFIRMATIVE DEFENSE
**Failure to State a Claim**

162.    Plaintiff fails to state a claim upon which relief can be granted.  Therefore, this Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE
**No Conspiracy Without Underlying Claim**

163.    Mr. Miller is not a proper party because he had no authority to decide the method of the arrest and prosecution of Plaintiff.  To the extent that Plaintiff alleges he is liable for a section 1983 claim by virtue of a conspiracy to violate her civil rights, Mr. Miller asserts that a conspiracy is not actionable in and of itself, and requires that there be an actionable underlying wrong which is the object of the conspiracy.  In this case, Plaintiff's claims for conspiracy are barred by the failure of Plaintiff's underlying claims to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE
**Privileged Conduct**

164.    Mr. Miller is not responsible for Plaintiff's harm, if any, because Mr. Miller's conduct at all times was permissible in that Mr. Miller was exercising his legal right to protect his property from Plaintiff's trespasses, that his conduct was lawful and consistent with community standards, and that he had a good-faith belief that he had a legal right to engage in the conduct.  Accordingly, Plaintiff has no claim for Intentional Infliction of Emotional Distress or Negligent Infliction of Emotional Distress.

## FOURTH AFFIRMATIVE DEFENSE
**No Property Rights**

165.    Plaintiff had no ownership or property rights with respect to the trees that she admittedly damaged.  Accordingly, Plaintiff has no claim for false arrest, malicious prosecution, or malicious abuse of process.

## FIFTH AFFIRMATIVE DEFENSE
### Immunity

166.    Mr. Miller is immune from liability because Plaintiff's alleged loss, if any, resulted from the exercise of discretion or judgment by the governmental entities or employees or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee.

## SIXTH AFFIRMATIVE DEFENSE
### Additional Defenses

167.    Mr. Miller reserves his right to amend his answer to assert any additional affirmative defenses that may be uncovered or made known during the pendency of this case.

## COUNTERCLAIMS

### I.    JURISDICTION

1.    Mr. Miller, as Defendant and Counterclaimant, brings this Counterclaim for money damages arising out of Plaintiff's intentional and protracted tortious conduct.  This Court has jurisdiction over this action under 28 U.S.C. § 1367.

### II.    VENUE

2.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

### III.    FACTUAL ALLEGATIONS RELATED TO COUNTERCLAIMS

3.    Mr. Miller and Plaintiff have been neighbors for approximately five years, beginning in 2009.  As mentioned in the Complaint, Mr. Miller's property is located adjacent to

Plaintiff's property.

    4.    About a year after moving into the home, on or about 2010, Plaintiff began amassing cats and hoarding them in her home. Plaintiff allowed the cats to wander onto Mr. Miller's property where the cats would damage and defacate onto Mr. Miller's lawn.

    5.    When Mr. Miller asked Plaintiff to do something to put an end to the damage her cats were doing to his lawn, Plaintiff shrugged him off.

    6.    On or about 2010, Mr. Miller and his wife would find Plaintiff, on numerous occasions, wandering onto their property, and peering into the windows of their home.

    7.    On or about early 2011, Plaintiff, without permission, entered Mr. Miller's property. When asked what she was doing there, she replied that she was looking for her garbage can. Mr. Miller's wife told her that if she ever felt something belonging to her was on Mr. Miller's property, she should knock on Mr. Miller's door and wait for permission to enter Mr. Miller's property.

    8.    On or about early 2011, Plaintiff, without permission, entered Mr. Miller's property again. Mr. Miller caught her peeking into his home through a window late in the evening.

    9.    Rattled by these intrusions, Mr. Miller installed security cameras around his property, and on or about April 7, 2012, Plaintiff, without permission, entered Mr. Miller's property while the security cameras were being installed.

    10.    On or about April 2012, after conducting a survey of his property Mr. Miller planted several trees around his home. These trees were unquestionably planted on Mr. Miller's property.

11.     Shortly after the trees were planted, Plaintiff complained to the Police Department that the trees were placed two feet onto her property.

12.     On or about May 31, 2012, Mr. Miller observed Plaintiff and an unidentified person on Mr. Miller's property, placing pipes and extending ropes behind Mr. Miller's bushes without permission.

13.     On or about June 6, 2012, Plaintiff created a sign and placed it on top of Mr. Miller's property accusing him of trespassing and theft.

14.     On or about June 9, 2012, Plaintiff, without permission, entered onto Mr. Miller's property and damaged Mr. Miller's trees.

15.     Beginning on or about the middle of 2011, Plaintiff made numerous calls to the Nassau County Police Department to report Mr. Miller, alleging several baseless acts of wrongdoing such as violating city noise ordinances, renting an illegal basement apartment, and harboring illegal immigrants.  Not one of these allegations were truthful or resulted in Mr. Miller's arrest, let alone prosecution.

16.     Plaintiff began a local smear campaign against Mr. Miller, spreading the false accusation that he harbored illegal aliens to other members of the community, including her tenant.

17.     On multiple occasions beginning in early 2012, Mr. Miller and his wife have caught Plaintiff on Mr. Miller's property peeking into his home.

18.     On several occasions, Plaintiff has photographed Mr. Miller without his consent as he returned to his home from work.

19.     On or about August of 2014, Mr. Miller had a party on his property for his niece.

22

While his guests were gathered on his lawn, Plaintiff sprayed water on them from a hose on her property.

20. On or about October of 2014, Plaintiff built a fence on top of Mr. Miller's trees.

21. As late as November of 2014, Plaintiff verbally threatened Mr. Miller's wife and family. Mr. Miller obtained video evidence and later called the police to filed a report.

## FIRST CLAIM
### State Law Private Nuisance

22. Mr. Miller repeats and realleges each and every allegation as if fully set forth herein.

23. By her conduct, as described herein, Plaintiff is liable to Mr. Miller for operating a private nuisance.

24. Plaintiff created an interference that was substantial in nature.

25. Plaintiff's actions were intentional in origin.

26. Plaintiff's actions were unreasonable in character.

27. Plaintiff's actions interfered with Mr. Miller's property right to use and enjoy his land.

28. The interference was caused by Plaintiff's conduct in both acting and failing to act.

## SECOND CLAIM
### State Law Trespass

29. Mr. Miller repeats and realleges each and every allegation as if fully set forth herein.

30. Plaintiff, on numerous occasions, intentionally entered onto Mr. Miller's property.

23

31. Plaintiff's entry was without justification.

32. Plaintiff's entry was without permission.

33. Plaintiff's entry was without any other valid privilege.

### THIRD CLAIM
**State Law Action for Cutting, Removing, injuring or destroying trees or timber**

34. Mr. Miller repeats and realleges each and every allegation as if fully set forth herein.

35. Plaintiff entered Mr. Miller's land and proceeded to cut and/or damage trees on Plaintiff's land without Mr. Miller's consent.

36. Such actions are in violation of RPAPL § 861, which prohibits any person from, without the consent of the owner thereof, cutting, removing, injuring, or destroying trees on the land of another.

37. Mr. Miller is entitled to treble damages for the stumpage value of the tree or timber and $250.00 per tree for any permanent and substantial damages caused to the land or the improvements thereon as a result of such violations under the statute.

### FOURTH CLAIM
**Intentional Infliction of Emotional Distress**

38. Mr. Miller repeats and realleges each and every allegation as if fully set forth herein.

39. Plaintiff, by and through her actions, engaged in extreme and outrageous conduct directed at Mr. Miller with the intent to cause, or in disregard of the substantial probability that such conduct would cause, severe emotional distress.

40. Mr. Miller suffered severe emotional distress as a proximate result of Plaintiff's

actions, entitling him to damages in an amount to be proven at trial.

WHEREFORE, Defendant John Miller requests:

1. Dismissal of the Plaintiff's action with prejudice;

2. An order that Plaintiff shall take no relief from the Complaint;

3. The costs of the suit incurred;

4. Such further relief as the Court deems fair and just.

Dated: Brooklyn, New York
December 9, 2014

Yours, etc.

By: _____

ALCIDES A. CASARES ESQ.
Attorney for Defendant
John Miller
278 A Wyckoff Ave
Brooklyn, NY 11237
(718) 381-7801
alcides@casareslaw.com