UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

GLORIA MEROLLA,

          Plaintiff,

    -against-

COUNTY OF NASSAU; NASSAU COUNTY POLICE DEPARTMENT; Detective Sergeant JO-ANN DISTLER; Police Officer GARY RENICK; Detective Lieutenant RALPH T. HOFFMAN; Lieutenant Detective DOMINICK CALOBRISI; Sergeant LUKAS GUBBA; Police Officer AVERILL THOMPSON; Ambulance Medical Technician KEVIN KEYER; Police Officer ROBERT MATALEVICH; JOHNNY MILLER; Detective Sergeant GEORGE DARIENZO; Inspector EDWARD DORDON; Detective JEFFREY RIOS; Detective KENTON LOCKE; Detective RHODERICK BARRETT; and JOHN and JANE DOE 8 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

          Defendants.
-------------------------------------------------------------------- x

**ANSWER TO COUNTERCLAIMS**

13 CV 5360 (JFB) (GRB)

Jury Trial Demanded

   Plaintiff, by her attorneys, Harvis Wright & Fett LLP, for her answer to the counterclaims of defendant John Miller ("counterclaims"), respectfully alleges, upon information and belief, as follows:

   1.  Denies the allegations set forth in paragraph "1" of the counterclaims, except admits that Mr. Miller purports to proceed as stated therein.

   2.  Admits the allegations set forth in paragraph "2" of the counterclaims.

3. Admits the allegations set forth in paragraph "3" of the counterclaims.

4. Denies the allegations set forth in paragraph "4" of the counterclaims.

5. Denies the allegations set forth in paragraph "5" of the counterclaims.

6. Denies the allegations set forth in paragraph "6" of the counterclaims.

7. Denies the allegations set forth in paragraph "7" of the counterclaims.

8. Denies the allegations set forth in paragraph "8" of the counterclaims.

9. Denies the allegations set forth in paragraph "9" of the counterclaims, except denies knowledge or information sufficient to form a belief as to when Mr. Miller installed security cameras.

10. Denies the allegations set forth in paragraph "10" of the counterclaims, except denies knowledge or information sufficient to form a belief as to when, if ever, Mr. Miller surveyed his property.

11. Denies the allegations set forth in paragraph "11" of the counterclaims, except admits that, from the outset, Ms. Merolla has made legitimate complaints to the authorities regarding Mr. Miller's illegally planted trees, which remain on her property to this day.

12. Denies the allegations set forth in paragraph "12" of the counterclaims.

13. Denies the allegations set forth in paragraph "13" of the counterclaims.

14. Denies the allegations set forth in paragraph "14" of the counterclaims.

15. Denies the allegations set forth in paragraph "15" of the counterclaims.

16. Denies the allegations set forth in paragraph "16" of the counterclaims.

17. Denies the allegations set forth in paragraph "17" of the counterclaims.

18. Denies the allegations set forth in paragraph "18" of the counterclaims, except admits that plaintiff has photographed Mr. Miller.

19. Denies the allegations set forth in paragraph "19" of the counterclaims, except denies knowledge or information sufficient to form a belief as to whether Mr. Miller hosted a party for his niece.

20. Denies the allegations set forth in paragraph "20" of the counterclaims.

21. Denies the allegations set forth in paragraph "21" of the counterclaims.

22. In response to the allegations set forth in paragraph "22" of the counterclaims, Ms. Merolla repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the counterclaims.

24. Denies the allegations set forth in paragraph "24" of the counterclaims.

25. Denies the allegations set forth in paragraph "25" of the counterclaims.

26. Denies the allegations set forth in paragraph "26" of the counterclaims.

27. Denies the allegations set forth in paragraph "27" of the counterclaims.

28. Denies the allegations set forth in paragraph "28" of the counterclaims.

29. In response to the allegations set forth in paragraph "29" of the counterclaims, Ms. Merolla repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the counterclaims.

31. Denies the allegations set forth in paragraph "31" of the counterclaims.

32. Denies the allegations set forth in paragraph "32" of the counterclaims.

33. Denies the allegations set forth in paragraph "33" of the counterclaims.

34. In response to the allegations set forth in paragraph "34" of the counterclaims, Ms. Merolla repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the counterclaims.

36. Denies the allegations set forth in paragraph "36" of the counterclaims.

37. Denies the allegations set forth in paragraph "37" of the counterclaims.

38. In response to the allegations set forth in paragraph "38" of the counterclaims, Ms. Merolla repeats and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the counterclaims.

40. Denies the allegations set forth in paragraph "40" of the counterclaims.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

41. The Court lacks subject matter jurisdiction over and should dismiss Mr. Miller's counterclaims pursuant to 28 U.S.C. § 1367 because they are not part of the same case or controversy, i.e. plaintiff's arrest, injury and prosecution stemming from the events of July 1, 2012.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

42. The counterclaims fail to state a claim upon which relief can be granted and should be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

43. The counterclaims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

44. Mr. Miller provoked the incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

45. The trees were planted on Ms. Merolla's property and, therefore, belong, in whole or in part, to Ms. Merolla.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

46. Ms. Merolla acted reasonably and in good faith at all times.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

47. To the extent RPAPL § 861 was violated – which it was not – Ms. Merolla had a good faith basis to believe the land was her own in accordance with RPAPL § 861(2).

## **AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

48. In planting trees on her property, Mr. Miller has committed an ongoing trespass and nuisance against Ms. Merolla, entitling Ms. Merolla to damages under New York State Law.

**WHEREFORE**, plaintiff Gloria Merolla respectfully requests judgment dismissing the counterclaims in their entirety, together with the costs and disbursements of this action, compensatory and punitive damages under New York State Law, reasonable attorneys' fees and such other and further relief as the Court may deem just and proper.

Dated: December 30, 2014
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiff*